WRIGHT, FINLAY & ZAK, LLP
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
avanpatten@wrightlegal.net
rhernandez@wrightlegal.net
*Attorneys for Defendant, Ocwen Loan Servicing, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNIE ALAAN, | Case No.: 2:18-cv-00967-RFB-PAL |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | |

Plaintiff Ernie Alaan ("Plaintiff") and Defendant Ocwen Loan Servicing, LLC ("Defendant," and, with Plaintiffs, a "Party" or "Parties"), hereby stipulate and agree, through their respective attorneys of record, as follows:

1. The following definitions shall apply to this Stipulation and Protective Order ("Order"):

    a. "Documents" shall mean all written, recorded, or graphic material, including electronically stored information, whether produced or provided by a Party or third-party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, subpoenas, or any other discovery requests or requests for information in connection with this case.

    b. "Confidential Information" shall mean all Documents or portions thereof that contain information described in Paragraph 2 and that bear a Confidentiality Legend pursuant to

1  paragraphs 3(a)-(d), or that have otherwise been designated in a way that brings the confidential
2  nature of the document to the attention of a reasonable examiner, thereby signifying that it
3  contains information believed to be confidential.
4       c. "Copies" shall mean any photocopies, reproductions, duplicates, extracts,
5  summaries, or descriptions of a Document.
6       d. "Highly Confidential Information" shall mean all Documents or portions thereof
7  that otherwise meet the definition of Confidential Information and (i) the Producing Party
8  reasonably and in good faith believes the disclosure of such Documents to another person would
9  likely result in significant competitive injury or personal harm to the Producing Party, or its
10 clients or customers; or (ii) the Producing Party believes, in good faith, that the material would
11 not otherwise be adequately protected under the procedures set forth herein for Confidential
12 Information.
13       e. "Producing Party" shall mean any Party or its counsel or any other person who
14 produced the Document(s) at issue.
15       f. "Designating Party" shall mean any Party or its counsel or any third-party who
16 has designated the Document(s) at issue as confidential pursuant to paragraph 3.
17       g. "Receiving Party" shall mean any Party or its counsel to whom Confidential
18 Information is furnished.
19       h. "Final Conclusion of this Litigation" shall mean the date thirty days following:
20           (1) the filing of a stipulated dismissal,
21           (2) the entry of a voluntary dismissal, or
22           (3) the entry of a final, non-appealable order disposing of the case.
23   2. Any Document may be designated as confidential if it contains information of any of
24 the following types, if that information has been kept confidential and has not been disclosed
25 without reasonable assurances of confidentiality:
26       a. Any information subject to contractual or other duties of confidence;
27       b. Any competitively sensitive, trade secret, or otherwise proprietary information;
28       c. Any "nonpublic personal information" within the meaning of the Gramm-Leach-

1  Bliley Act, 15 U.S.C. § 6802, *et. seq.*;

2      d.  Any personal financial information, or information of a personal or intimate
3  nature regarding any individual; or

4      e.  Any other category of information hereinafter given "Confidential" status by the
5  Court.

6     3.  Any Party shall have the right to designate any Documents for protection under this
7  Order pursuant to the following procedures:

8      a.  in the case of Documents in hardcopy form or in a modifiable electronic format,
9  by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the
10 "Confidentiality Legend") to each page of the Document, or portion thereof, that is deemed
11 confidential in such a way so as not to obscure any part of the text or content

12     b.  in the case of electronically stored Documents, by affixing the Confidentiality
13 Legend to the cover letter referring to such electronically stored Documents and, to the extent
14 practicable, to the device (*i.e*., disc, hard drive, etc.) on which the Documents are electronically
15 stored.  Whenever any Party to whom electronically stored Documents designated as
16 Confidential or Highly Confidential are produced reduces such material to hardcopy form, that
17 Party shall affix the Confidentiality Legend to the hardcopy Documents deemed to contain
18 Confidential Information as appropriate.

19     c.  In answering any interrogatory, discovery request, request for admission, or part
20 thereof, a Party may designate its answer(s) as Confidential or Highly Confidential by affixing
21 the Confidentiality Legend to such Document.

22     d.  Any Party may obtain confidential treatment for testimony given in this action by
23 designating, during the course of that testimony for which confidential treatment is desired,
24 which testimony is claimed to be confidential.  The reporter shall indicate on the first page of the
25 transcript which pages and line numbers of testimony have been designated for confidential
26 treatment and shall also separately indicate within the transcript where any confidentiality
27 designation commences, and where the confidentiality designation concludes.  Testimony may
28 also be designated as confidential by written notice to the opposing Party (or for a third party

1  making a designation, to both Parties) within thirty (30) days after receipt of the transcript of
2  such testimony, setting forth the pages and lines of such transcript which are confidential.  In the
3  event of such designation by written notice, each Party shall attach a copy of such notice to the
4  face of the transcript and each copy thereof in its possession or control.  To facilitate such
5  designation by written notice, all transcripts shall be afforded confidential treatment in their
6  entirety for a period of thirty (30) business days after a full and complete transcript is available.
7       e.  Subject to subparagraphs 3(f) and (g), below, designation of Documents as
8  confidential will be made before or at the time of production or disclosure.
9       f.  Any Party may designate any Document produced by any Producing Party as
10 confidential by sending written notice to the opposing Party and Producing Party within thirty
11 (30) days after receipt of such materials.  Such written notice shall set forth by Bates number the
12 Documents which contain Confidential or Highly Confidential Information.  In the event of such
13 designation, each Party and the Producing Party shall treat such Documents consistent with the
14 terms of this Stipulation and Protective Order. Nothing in this paragraph shall be construed to
15 prohibit any Party or Producing Party from challenging any such confidential designation made
16 by any Party.
17      g.  The inadvertent failure to designate a Document or any portion thereof as
18 confidential in no way alters or waives the protected and confidential nature of the Document or
19 portion thereof and does not remove it from the scope of this Order.  If a Party discovers that it
20 failed to designate a Document or portion thereof as confidential that Party shall, within ten (10)
21 business days of such discovery, notify counsel for all other Parties in writing that the Document
22 or a specified portion thereof is to be designated as confidential under the terms of this Order.
23      h.  Interrogatory answers; responses to requests for admission; responses to requests
24 for production; deposition transcripts and exhibits; and pleadings, motions, affidavits, briefs, or
25 other papers filed with the Court that quote, summarize, or contain documents entitled to
26 confidential protection may be accorded status as Confidential Information and shall be filed
27 under seal pursuant to the procedures set forth in paragraph 13 below if they are in fact
28 designated confidential.

1         4.   All confidentiality designations and requests for confidential treatment shall be made
2    in good faith.  If a Party in good faith disagrees with a confidentiality designation, that Party
3    shall inform counsel for the Designating Party in writing of said disagreement and shall identify
4    with particularity the documents that are the subject of the disagreement.  Upon the Designating
5    Party's receipt of written notification, the Parties shall confer in an effort to resolve the dispute
6    without Court intervention.  If, after conferring, the Parties cannot resolve the dispute, the Party
7    designating the Document(s) as Confidential or Highly Confidential may, within fourteen (14)
8    days, move the Court for an order confirming the appropriateness of the confidentiality
9    designation.  The Party designating the Document(s) as Confidential or Highly Confidential shall
10   have the burden of establishing that the Document(s) is entitled to confidential treatment.  Each
11   Document or portion thereof designated as confidential shall retain that designation and shall
12   remain subject to the terms of this Order until such time, if ever, that the Court renders a decision
13   that a particular Document or portion thereof is not confidential and subject to this Order and any
14   and all proceedings or interlocutory appeals challenging such decision have been concluded.
15        5.   Counsel for any Party receiving Confidential or Highly Confidential Information shall
16   use reasonable efforts to limit the disclosure of Confidential or Highly Confidential Information,
17   including any Copies thereof, to the minimum number of persons necessary to conduct this
18   litigation.  All Copies of Confidential or Highly Confidential Information shall immediately be
19   affixed with the Confidentiality Legend if the Legend does not already appear on the Copy.  All
20   such Copies shall be afforded the full protection of this Order.
21        6.   Except as otherwise provided herein, or with the prior written consent of the
22   Designating Party or other person originally designating a Document as confidential,
23   Confidential Information may be disclosed by the Receiving Party only to:
24            a.   counsel of record for the Parties in this action, provided that counsel is actively
25   engaged in the conduct of this lawsuit, and to the partners, associates, secretaries, paralegals,
26   assistants, and employees of such counsel to the extent reasonably necessary to render
27   professional services in this lawsuit;
28

  b. the Court and any employees thereof who are involved in this lawsuit (including court reporters, persons operating video-recording equipment at depositions, and any special master appointed by the Court);

  c. any person designated by the Court, in the interest of justice, upon such terms as the Court may deem proper;

  d. persons reasonably believed to be the author, recipient or source of Confidential Information, or officers, directors, employees or consultants (including expert witnesses) of the Party which designated the Documents as confidential, subject to the conditions set forth in paragraph 8;

  e. persons noticed for depositions or designated as trial witnesses or potential trial witnesses, including a Party's potential witnesses, but only to the extent reasonably necessary in preparing such witness to testify or in connection with taking their testimony and subject to the conditions set forth in paragraph 8;

  f. copying or imaging services or court reporters associated with counsel or retained by a party in connection with this action;

  g. outside consultants or experts retained for the purpose of assisting counsel in this lawsuit, but only to the extent reasonably necessary for the consultant or expert to provide such assistance and subject to the conditions set forth in paragraph 8; and

  h. employees or third-party contractors of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or in designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to perform such duties and subject to the conditions set forth in paragraph 8.

  i. Any other person agreed to in writing by the Parties.

 7. Except as otherwise provided herein, or with the prior written consent of the Designating Party or other person originally designating a Document as confidential, Highly Confidential Information may be disclosed by the Receiving Party only to;

1           a.  counsel of record for the Parties in this action, provided that counsel is actively
2  engaged in the conduct of this lawsuit, and to the partners, associates, secretaries, paralegals,
3  assistants, and employees of such counsel to the extent reasonably necessary to render
4  professional services in this lawsuit;
5           b.  the Court and any employees thereof who are involved in this lawsuit (including
6  court reporters, persons operating video-recording equipment at depositions, and any special
7  master appointed by the Court);
8           c.  any person designated by the Court, in the interest of justice, upon such terms as
9  the Court may deem proper;
10          d.  copying or imaging services or court reporters associated with counsel or retained
11  by a party in connection with this action;
12          e.  outside consultants or experts retained for the purpose of assisting counsel in this
13  lawsuit, but only to the extent reasonably necessary for the consultant or expert to provide such
14  assistance and subject to the conditions set forth in paragraph 8; and
15          f.  employees or third-party contractors of counsel involved solely in one or more
16  aspects of organizing, filing, coding, converting, storing, or retrieving data or in designing
17  programs for handling data connected with this action, including the performance of such duties
18  in relation to a computerized litigation support system, but only to the extent reasonably
19  necessary to perform such duties and subject to the conditions set forth in paragraph 8.
20          g.  Any other person agreed to in writing by the Parties.
21      8.  Before disclosing Confidential or Highly Confidential Information to any person
22  listed in paragraphs 6(d)-(e), (g)-(h) and 7(e) through (f) above, the Receiving Party shall ensure
23  that the individual to whom disclosure is to be made has been provided a copy of this Order and
24  has executed the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality
25  Agreement").  Counsel for each Party shall maintain a file of the signed Confidentiality
26  Agreements it obtains pursuant to this Paragraph.  Counsel for any Party shall be entitled to
27  request and receive confirmation that signed Confidentiality Agreements have been obtained
28  pursuant to this paragraph, but such confirmation shall not include a right to inspect the

1 Confidentiality Agreements.

2     9. Persons obtaining access to Confidential or Highly Confidential Information under
3 this Order shall use the information only for purposes of this litigation (including appeals and
4 retrials), and shall not use such information for any other purpose, including without limitation
5 the solicitation of clients, for other business purposes or for any governmental, commercial,
6 administrative or judicial proceedings.

7     10. If any Party receives a formal or informal request or subpoena for Confidential or
8 Highly Confidential Information, such that the Party reasonably believes it is under an obligation
9 to produce such Confidential or Highly Confidential Information to any person, entity, court, or
10 governmental agency, the Party receiving the request ("Receiver") shall give written notice, by
11 hand delivery, email or facsimile transmission within two (2) business days of receipt of such
12 formal or informal request or subpoena to the Party who has designated such Documents as
13 confidential.  The Receiver shall not produce the Confidential or Highly Confidential
14 Information until ten days after giving such notice, unless required to do so by the subpoena,
15 demand or other legal process, in which case, the Receiver shall not produce the Confidential or
16 Highly Confidential Information until within twenty-four hours of the latest time legally
17 permissible.  Should the person seeking access to the Confidential or Highly Confidential
18 Information take action against the Receiver or anyone else covered by this order to enforce such
19 a subpoena, demand or other legal process, the Receiver shall respond by setting forth the
20 existence of this Order.  Nothing herein shall be construed as requiring the Receiver or anyone
21 else covered by this Order to challenge or appeal any order requiring production of Confidential
22 Information covered by this Order, or to subject themselves to any penalties for non-compliance
23 with any legal process or order, or to seek any relief from this Court.

11. Inadvertent production of Documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege.  With respect to such inadvertently produced Documents, the following procedures shall apply:

    a.  The Producing Party inadvertently producing such Documents shall contact all other Parties to apprise them of such production within fifteen (15) days of discovery of the inadvertent production.

    b.  If no dispute exists as to the protected nature of the inadvertently produced Documents, all Parties in possession of inadvertently produced Documents ("Party in Possession") shall, within fifteen (15) days of receiving the notice of inadvertent production, destroy such inadvertently produced documents and notify the Producing Party that such destruction has been completed.

    c.  In the event that only portions of the inadvertently produced Documents contain privileged subject matter, the Producing Party shall substitute redacted versions of the Documents within ten (10) days of notifying the other Party of the inadvertently produced documents.

    d.  If the Party in Possession believes that the Documents are not subject to the protections of work-product immunity, attorney-client privilege, or other legal privilege protecting information from discovery, the Party in Possession shall, within fifteen (15) days of sending or receiving the notice of inadvertent production, object to the Producing Party's claim of protection by notifying the Producing Party of the objection in writing and specifically identifying the produced Documents to which the objection applies.  Upon the Producing Party's receipt of written notification, the Parties shall confer in an effort to resolve the dispute without Court intervention.  If the Parties cannot resolve the dispute, the Party in Possession shall, within fifteen (15) days of service of its written objection, contact the Court and the Producing Party to seek an *in camera* review of the Documents in question.  If the Court determines that the inadvertently produced Documents are entitled to work-product immunity, attorney-client

1 privilege, or other legal privilege or protection that protects the information from discovery, the
2 Party in Possession shall comply with the decision of the Court.
3     e. Upon service of notice of inadvertent production pursuant to subparagraph 10(a),
4 no use shall be made of inadvertently produced Documents during depositions, at trial or in
5 submissions to the Court (other than submissions with regard to whether any privilege or
6 immunity applies to such Document(s)), nor shall they be disclosed to anyone (other than
7 persons identified in subparagraph 6(a)) who did not previously have access to them) until the
8 Parties have agreed on the handling of such Documents, or the Court has issued an order
9 concerning the disputed Documents.
10     12. Inadvertent failure to assert work-product immunity, the attorney-client privilege
11 and/or other legal privilege protecting information from discovery in this lawsuit as to one
12 Document shall not be deemed to constitute a waiver, in whole or in part, of any work-product
13 immunity and/or privilege protection as to any other Document, even if the Documents involve
14 the same or similar subject matter.   This Order shall be interpreted to provide the maximum
15 protection allowed by Federal Rule of Evidence 502.
16     13. Filings or submissions to the Court in the form of affidavits, memoranda, exhibits or
17 other papers that contain or make reference to Confidential Information, or any information
18 contained in or derived from such material, shall be under seal in accordance with Local Rule
19 IA 10-5.  A motion to file such documents under seal may be filed simultaneously with any
20 filing or submission required by this paragraph to be made under seal.  If the Court denies any
21 such motion to file documents under seal, the filing party shall be permitted to file the
22 documents publicly with the Court.
23     14. Nothing in this Order shall prevent or otherwise restrict counsel from rendering
24 advice to their clients in this lawsuit and, in the course thereof, relying generally on examination
25 of Confidential or Highly Confidential Information, provided that, in rendering such advice and
26 otherwise communicating with a client, counsel shall not make specific disclosure of any
27 Confidential or Highly Confidential Information except pursuant to the provisions of this Order.
28 Counsel shall at all times keep secure all notes, abstractions, or other work product derived from

1 or containing Confidential or Highly Confidential Information and shall be obligated to maintain
2 the confidentiality of such work product, even after the documents designated as confidential
3 have been destroyed pursuant to paragraph 15.

4     15. This Order shall remain in full force and effect in perpetuity unless modified,
5 superseded, or terminated by written consent of the Parties or by order of the Court. ~~Each person~~

**Modified by the court.**

6 ~~subject to this Order shall continue to be subject to the jurisdiction of the United States District~~
7 ~~Court for the District of Nevada for the purpose of enforcement of the terms of this Order for as~~
8 ~~long as the Order remains in effect. The Court shall not be divested of the power to enforce the~~
9 ~~terms of this Order as to any persons subject to the Order by the final conclusion of this litigation~~
10 ~~or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting~~
11 ~~this Court of jurisdiction of this matter.~~

12     16. Within sixty (60) business days after the Final Conclusion of this Litigation, all
13 Confidential Information, and all Copies thereof, shall be destroyed by the Receiving Party and
14 the Receiving Party shall confirm said destruction in writing to the Producing Party.
15 Notwithstanding the above, counsel for all parties may maintain for its files copies of each
16 pleading and litigation document filed with the Court, and each written discovery request and
17 response thereto. This Order shall continue to be binding after the conclusion of this action. The
18 provisions of this Paragraph are not applicable to any Confidential or Highly Confidential
19 Information that became part of the publicly available Court record in this proceeding. A
20 Receiving Party must upon request by a Producing Party provide a certification stating that the
21 Receiving Party has complied with its obligations under this paragraph.

22     17. Within sixty (60) business days after the Final Conclusion of this Litigation, a
23 Receiving Party shall make a reasonable effort to retrieve Confidential or Highly Confidential
24 Information from any non-party to whom such information has been given, and shall promptly
25 destroy such Confidential or Highly Confidential Information in the manner set forth in
26 paragraph 15. Failure of a Receiving Party to retrieve Confidential or Highly Confidential
27 Information pursuant to this paragraph shall not be considered a violation of this Order by the
28 Receiving Party.

1    18. Nothing in this Order shall prevent any Party or other person from seeking
2 modification of this Order or from objecting to discovery that it believes to be otherwise
3 improper.  The Parties shall be given notice and an opportunity to be heard before the Court in
4 any way modifies this Order or enters any other decision affecting the substance or effect of this
5 Order.
6    19. Any Party may expressly waive in writing the applicability of any provision of this
7 Order to any Document or portion thereof that the Party produces.  Such waiver shall apply only
8 to the Document or portion thereof to which the applicability of the specified provision of this
9 Order is expressly waived.
10    20. ~~Any material violation of this Order by any Party or person to whom Confidential~~

**Modified by the court.**

11 ~~Information is disclosed pursuant to the terms of this Order shall be subject to review by the~~
12 ~~Court and the offending party or person shall be subject to such penalties or remedies as the~~
13 ~~Court may order.~~
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

21. Notwithstanding any of the above, this Order is not meant to, and does not affect or supersede any obligation or existing right between the Parties with regard to access to, the production of, or retention of any Documents.

DATED this 28th day of August, 2018.
WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez*
Ace C. Van Patten, Esq.
Nevada Bar No. 0050
Ramir M. Hernandez, Esq.
Nevada Bar No. 11731
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Defendant, Ocwen Loan Servicing, LLC*

DATED this 28th day of August, 2018.
KAZEROUNI LAW GROUP, APC

*/s/ Michael Kind*
Michael Kind, Esq.
Nevada Bar No. 13903
6069 South Fort Apache Road, Suite 100
Henderson, Nevada 89148
*Attorney for Plaintiff, Ernie Alaan*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 30, 2018

WRIGHT, FINLAY & ZAK, LLP
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
avanpatten@wrightlegal.net
rhernandez@wrightlegal.net
*Attorneys for Defendant, Ocwen Loan Servicing, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNIE ALAAN, | Case No.: 2:18-cv-00967-RFB-PAL |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT** |
| vs. | |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | |

I, _____, do hereby acknowledge that I have received a copy of the STIPULATION AND PROTECTIVE ORDER ("Order") that was entered in the above-referenced case, with respect to the manner in which Confidential or Highly Confidential Information disclosed or made available in the course of the above-referenced proceeding is to be treated by me.

I state that: (1) I understand that my execution of this Confidentiality Agreement is a prerequisite to my review of any Documents designated as confidential pursuant to the Order; (2) I have read and understand the Order and I hereby agree to abide by the Order; (3) I understand that my obligation to honor the terms of the Order will continue even after the Final Conclusion of this Litigation; (4) I will not disclose to others, except in accordance with the Order, any Documents designated as confidential, and I will use such documents as are disclosed to me only in connection with the prosecution or defense of the above-referenced proceeding; (5) upon the

1 final conclusion of the above-referenced proceeding, I will destroy all Documents designated as
2 confidential; and (6) I irrevocably consent to personal jurisdiction in the United States District
3 Court for the District of Nevada in the event that any Party or other person seeks to enforce any
4 claim that I have failed to abide by the terms of the Order.

5 _____

8 SUBSCRIBED and SWORN to before me
9 this day of _____ , 20__.

11 _____
12 Notary Public